IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| MARK SHORT, | ) |
| | ) |
| Plaintiff, | ) Civil Case No. 07-252-KI |
| | ) |
| vs. | ) OPINION AND ORDER |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

Max Rae
P. O. Box 7790
Salem, Oregon 97303

    Attorney for Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia Hobbs
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902

Page 1 - OPINION AND ORDER

L. Jamala Edwards
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

   Attorneys for Defendant

KING, Judge:

Plaintiff Mark A. Short brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). I reverse the decision of the Commissioner and remand for a finding of disability.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act. 42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous

work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability. The claimant has the burden of proof on the first four steps. Bustamante v. Massanari, 262 F.3d 949, 953 (9th Cir. 2001); 20 C.F.R. §§ 404.1520 and 416.920. First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity." If the claimant is engaged in such activity, disability benefits are denied. Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past. If the claimant is able to perform work which he or she performed in the past, a finding of

"not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e) and 416.920(e).

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Bustamante, 262 F.3d at 954. The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is more than a "mere scintilla" of the evidence but less than a preponderance. Id. "[T]he commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." Batson v. Barnhart, 359 F.3d 1190, 1193 (9th Cir. 2003) (internal citations omitted).

## THE ALJ'S DECISION

The ALJ found that Short had severe impairments of degenerative disc disease, an affective disorder, and alcohol abuse in early remission. When considering Short's impairments including limitations attributable to substance abuse, the ALJ found that Short met Listing 12.04 for affective disorders and 12.09 for substance addiction disorders. If Short stopped the substance use, the ALJ found that Short had the residual functional capacity to perform light

work with a few additional physical limitations and the nonexertional limitations that Short should have no interaction with members of the public and only occasional interaction with co-workers.  Based on vocational testimony, the ALJ found that Short could work as an electronics assembler, extruder machine operator, hand packager, and small products assembler.  Thus, the ALJ concluded that Short was disabled but that a substance use disorder was a contributing factor material to the determination of disability, making Short ineligible for benefits.

## FACTS

Short was 40 years old at the time of the opinion and has a high school education and a year of college.  He worked manual labor jobs throughout his life.  In October 1999, Short was working as a landscape laborer when he suffered an injury causing low back and left hip pain.  Short has not worked since and claims to be disabled since October 15, 1999 due to depression, back injury, ulcer, osteoarthritis, degenerative bone disease, and high blood pressure.

Short had back surgeries in 1999 and 2000 for ruptured discs but still suffers from constant pain in his low back and left leg.  Short has a long history of alcohol abuse.  He has had treatment, including several hospitalizations for alcohol detoxification, and had been sober for 60 days at the time of the hearing.  Short complains of depression, insomnia, anxiety, manic episodes, and has had auditory and visual hallucinations since 2003, even during the times he was able to stop drinking.  In 2003, Short was diagnosed with bipolar I disorder, most recent episode depressed, severe, with psychotic features; panic disorder with agoraphobia; and pain disorder associated with chronic back pain.

At the time of the hearing, Short lived in an apartment with a roommate and spent most of the time in his bedroom, where he kept a refrigerator and microwave oven for making simple meals. Short was very dependent on his mother to pay his rent and utilities, do much of his shopping, and drive him to medical appointments and the store when he was able to leave his home.

## DISCUSSION

The Commissioner acknowledges that the ALJ's analysis was flawed but moves to remand the case for further hearing rather than for a finding of disability. According to the Commissioner, the ALJ improperly analyzed Short's mental impairments. The Commissioner contends that the findings of the testifying medical expert, Miller Garrison, Ph.D., and evaluating psychologist, Nick Dietlein, Psy.D., must be clarified before determining if Short is disabled.

Dr. Garrison testified as follows when discussing the psychiatric review technique form:

> A    Okay. Activities of daily living, again, the bipolar disorder is an episodic disorder and so when it is not active, when he's in remission, they're mildly limited. When it, when he is actively psychotic they would be markedly limited. Social functioning seems to be markedly limited much of the time both in remission and when active. Concentration, persistence, and pace mildly limited during remission and markedly limited during episodes. And what was the start period, 1999?
>
> Q    October of '99.
>
> A    I think there's three episodes of hospitalization during that time.
>
> Q    Do you have an opinion as to whether or not the degrees of limitations that you've testified to would vary significantly if Mr. Short had been completely abstinent from alcohol use during this period of time?
>
> A    I think his qualify [sic] of life would improve dramatically if he wasn't drinking. But his level of functioning over all would be about the same. The real - -

> Q      What's the difference between quality of life and level of functioning?
>
> A      Well, the big change that's happened for him I think is the Tegretol seems to be pretty effective in controlling the big manic episodes and depressive episodes that are really what, you know, the bug [sic] bumps in the roller coaster. So that his day to day experience is going to be less painful if he's not drinking on a regular basis. But his ability, his activities of daily living are going to be at about the same level, mild when the bipolar is in remission, marked when it's active. It's just that between the not drinking and a good medication hopefully those will be less frequent.

Tr. 607-08.

Specifically, the Commissioner argues that it was unclear from Dr. Garrison's testimony whether Short's episodic bipolar syndrome met mental Listing 12.04 with and without the effects of alcohol. The Commissioner argues that remand is required to determine how long Short would have between bipolar episodes, whether medication would resolve the episodes, and whether Dr. Garrison thought Short would be able to perform substantial gainful activity.

Short notes that Dr. Garrison testified that Short's level of functioning would be about the same, even if he completely abstained from alcohol. Thus, Short argues that he meets Listing 12.04 for affective disorders.

In December 2005, Dr. Dietlein tested Short and found that he had a full-scale IQ of 80, verbal IQ of 86, and performance IQ of 77. He diagnosed cognitive disorder NOS, bipolar I disorder, r/o alcohol abuse and r/o personality disorder NOS. Dr. Dietlein found that Short had significant impairments in his general memory and general recognition abilities. Dr. Dietlein was not aware of Short's extensive alcohol abuse.

The Commissioner notes that Dr. Dietlein "confusingly" found Short to be markedly limited in understanding and remembering short simple instructions and carrying out detailed

instructions but moderately limited in understanding and remembering detailed instructions and carrying out short, simple instructions.  Because the ALJ did not seek clarification from Dr. Dietlein about this apparent inconsistency, the Commissioner argues that remand is required for the ALJ to clarify the opinion and give specific reasons to reject or accept it.

Short contends that even if the ambiguous portion of Dr. Dietlein's opinion is omitted, Short's other limitations are more than sufficient to demonstrate that he cannot sustain full-time competitive work functioning.

Based on either Dr. Garrison's or Dr. Dietlein's opinion, Short argues that the case should be remanded with a finding of disability instead of for further hearings.

The court has the discretion to remand the case for additional evidence and findings or to award benefits.  Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).  The court should credit evidence and immediately award benefits if the ALJ failed to provide legally sufficient reasons for rejecting the evidence, there are no issues to be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence is credited.  Id.  If this test is satisfied, remand for payment of benefits is warranted regardless of whether the ALJ might have articulated a justification for rejecting the evidence.  Harman v. Apfel, 211 F.3d 1172, 1178-79 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000).

Dr. Garrison's testimony provides the answer here.  He testified that even if Short abstained from alcohol, his overall level of functioning would be about the same, namely meeting Listing 12.04 for affective disorders.  I acknowledge that Dr. Garrison "hoped" that abstention and continuing medication would make the bipolar episodes less frequent.  The

Page 8 - OPINION AND ORDER

Commissioner seeks rehearing to attempt to determine the frequency. I think the more appropriate way to address this uncertainty, however, is to acknowledge that Short is currently disabled as defined by the Act. If he medically improves sufficiently, the Commissioner may take a fresh look at the situation under the seven-step sequential evaluation process for determining if an individual's disability has ceased. 20 C.F.R. § 416.994(b)(5). I conclude there are no issues to be resolved before a determination of disability can be made and it is clear from the record that the ALJ would be required to find Short disabled if Dr. Garrison's testimony is interpreted correctly.

## CONCLUSION

The decision of the Commissioner is reversed. The case is remanded for a finding of disability.

IT IS SO ORDERED.

Dated this      18th          day of March, 2008.

       /s/ Garr M. King
      Garr M. King
      United States District Judge